# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DONALD L. UBELE, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV412-011 CR405-012 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

This Court previously denied Donald Ubele's 28 U.S.C. § 2255 motion. CR405-012, doc. 101, *adopted*, doc. 121, *appeal denied*. Doc. 133. Now he has filed a 28 U.S.C. § 2241 habeas petition that omits any mention of his § 2255 proceeding. CV412-111, doc. 1. But unlike a § 2255 motion, he must pay a $5 filing fee or move for leave to proceed *in forma pauperis*. 28 U.S.C. § 1914(a) ($5 for habeas petitions); § 2241 (authorizing this court to grant "Writs of habeas corpus").

Ubele has done neither, despite the clerk's deficiency notice giving him a February 7, 2012 deadline. Doc. 2. His § 2241 petition should therefore be **DISMISSED** for failure to cure that deficiency (possibly he

decided that, given the successiveness-dismissal risk,[1] it has not been worth it to him). The Clerk shall file a copy of this Report and Recommendation, plus any further filings related to it, in Ubele's criminal case file, CR405-012.

**SO REPORTED AND RECOMMENDED** this  22nd  day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] His § 2241 petition, which claims that the indictment against him fails to allege an offense, doc. 1 at 4, 10, evidently seeks to invoke § 2255's savings clause:

> Under limited circumstances, a provision of § 2255 permits a federal prisoner to file a § 2241 petition. *See* 28 U.S.C. §§ 2241(a), 2255(e). Under the "savings clause," a federal prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of [a defendant's] detention." 28 U.S.C. § 2255(e). However, restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999). Thus, the savings clause does not permit a prisoner to circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition. *Id.*

*United States v. Neder*, 2012 WL 28294 at * 2 (11th Cir. Jan. 5, 2012); *see also Bedolla v. Obama*, 2012 WL 386295 at * 1 (5th Cir. Feb. 7, 2012) (upholding district court's dismissal of § 2241 petition, which sought to challenge conviction on several drug-related charges, as an unauthorized successive § 2255 motion). Claims that relate to events that occurred prior to sentencing arise under § 2255, *Bedolla*, 2012 WL 386295 at * 1, so if there has already been one § 2255 (as is the case here), then the movant must first obtain authorization from the appellate court to file another. *Id.* Ubele's defective-indictment claim falls within that zone, so he is simply masquerading a successive § 2255 motion as a § 2241 petition.